

Signed/Docketed
June 30, 2011

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 09-20968 MER |
| ROGER H. KOENIGSBERG ) | |
| ) | Chapter 7 |
| Debtor. ) | |

## ORDER

This matter comes before the Court on *Creditor Coal Mine Centre's Motion to Modify Order Dated March 22, 2011* (the "Motion to Modify") (Docket No. 114), Lisa Koenigsberg's response (Docket No. 119) and Coal Mine Centre, LLC's reply (Docket No. 120), and the letter filed *pro se* by Debtor Roger Koenigsberg (Docket No. 122).

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and (b), and 157(a) and (b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), as this matter involves the allowance or disallowance of a claim against the estate.

## BACKGROUND

On March 22, 2011, this Court issued an Order regarding the Modified Objection to Claim No. 2 (the "Objection") filed by Lisa Marie Koenigsberg against Coal Mine Centre, LLC ("Coal Mine"), the holder of Claim No. 2. For the reasons stated in the Order, the Court granted the Objection in part and denied the Objection in part. Specifically, the Court ordered Coal Mine's Claim No. 2 is allowed in the amount of $230,260.66, comprising the $189,000.00 judgment entered by the state court against the Debtor and the $41,260.66 attorneys' fees judgment entered by the state court against the Debtor, and ordered Coal Mine's Claim No. 2 denied as to the $350,000.00 judgment entered by the state court against KRI. The Court further ordered (1) any pro rata distribution Coal Mine may receive as part of the administration of the Chapter 7 estate is not limited as to the source of the funds distributed by the Chapter 7 trustee; (2) the issue whether Coal Mine's proof of claim includes duplicative damages is moot; (3) the issue whether Coal Mine's claims are statutorily limited under 11 U.S.C. § 502(b)(6)[1] is moot;

---

[1] Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

and (4) the issue of whether Coal Mine is entitled to post-petition interest is not ripe for adjudication and is denied without prejudice.

Coal Mine's Motion to Modify seeks the allowance of prepetition interest in the amount of $29,459.24, and thus allowance of Coal Mine's Claim in the amount of $259,719.89.[2] Coal Mine asserts there was no objection to its request for prepetition interest.

In her response, Lisa Koenigsberg states Coal Mine has set forth no grounds warranting modification of the March 22, 2011 Order under FED. R. CIV. P. 60(b). In addition, she argues prepetition interest on the $189,000.00 judgment is limited to $2,708.54 under § 502(b)(6)(A), and the prepetition interest on the $41,260.66 judgment, while not subject to § 502(b)(6)(A), is overstated by $81.36, reducing the interest allowable on that judgment from $470.26 to $388.90.

Coal Mine's reply argues the § 502(b)(6)(A) cap does not apply to the $189,000.00 judgment because that judgment was based on the breach of a guaranty, not on the breach of a lease. As to the $41,260.66 judgment, Coal Mine asserts the post-judgment, prepetition interest began to run on April 14, 2009, not April 23, 2009, as argued by Lisa Koenigsberg, because the Jefferson County District Court's April 23, 2009 order held Roger Koenigsberg liable for the judgment against KRI. Since the judgment against KRI entered April 14, 2009, Coal Mine argues Roger Koenigsberg's liability on that judgment and any interest also began on April 14, 2009.

In his letter, Roger Koenigsberg argues his lease guaranty with Coal Mine prohibits any recovery from his interest in the residence located at 4200 E. Linden Lane. He notes Lisa Koenigsberg's attorney has determined not to appeal the March 22, 2011 Order, but states the Court's determination will cost him assets. He further states Lisa Koenigsberg has spent $300,000 to $400,000 in litigation costs involving the claim when she is not obligated on his debts. He further asserts the litigation with Coal Mine and the Chapter 7 trustee has subjected him to marital problems, harassment, and loss of reputation.

## DISCUSSION

**A.     Motion to Modify**

FED. R. CIV. P. 59, made applicable to bankruptcy proceedings by FED. R. BANKR. P. 9023, provides a motion to alter or amend a judgment under Rule 59(e) must be filed within 28 days of the entry of the judgment, while FED. R. BANKR. P. 9023 shortens the time to 14 days in bankruptcy matters. Since the Motion to Modify was filed two days after the entry of the March 22, 2011 Order, Rule 59(e) applies. "Grounds warranting a motion to reconsider [under Rule

---

[2] See Coal Mine's Trial Exhibit G.

59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[3]

Here, the assertion prepetition interest was included in Coal Mine's claim is correct, and the Court agrees that issue should be addressed. Therefore, the Motion to Modify will be granted, and the Court must determine what amount of prepetition interest is appropriate.

### 1. Statutory Cap Under § 502(b)(6)(A)

Under § 502(b)(6)(A), a claim is allowable "except to the extent"--

(6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds–

> (A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of–
>
> > (i) the date of the filing of the petition; and
> > (ii) the date on which the lessor repossessed, or the lessee surrendered, the leased property; plus
>
> (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates . . . .[4]

---

[3] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[4] 11 U.S.C. § 502(b)(6).

This limitation applies to claims against guarantors of leases.[5] Accordingly, the Court is unpersuaded by Coal Mine's contention § 502(b)(6)(A) does not apply. The $189,000.00 judgment, based on the guaranty of the lease, nonetheless results from the termination of a lease. The unrebutted evidence at trial indicated the "capped" amount of Coal Mine's claim pursuant to the $189,000 judgment is $191,708.54, and the allowed claim will be increased to that amount.

### 2. Date of Interest of $41,260.66 Judgment

With respect to the $14,260,66 judgment, the Court agrees the April 23, 2009 judgment entered by the state court did not create the obligation on which interest accrued. Rather, the April 14, 2009 judgment created the $41,260.66 obligation.[6] The later judgment simply made Roger Koenigsberg liable for that obligation.[7] Therefore, interest should accrue from April 14, 2009, resulting in an addition to the claim of $470.26.

---

[5] *In re Electrical Acquisition, LLC*, 342 B.R. 831, 833 (Bankr. M.D. Fla. 2005) (The limitation set forth in 11 U.S.C. § 502(b)(6)(A) applies to claims against guarantors, and the liability of the guarantor cannot be greater than that of the principal obligor.) (citing *In re Henderson*, 297 B.R. 875, 885 (Bankr. M.D. Fla. 2003)); *In re Rodman*, 60 B.R. 334, 335 (Bankr. N.D. Okla. 1986) (applying § 502(b)(6)(A) to lease guaranties entered into by debtor guarantors). *See also In re Storage Technology Corporation*, 77 B.R. 824 (Bankr. D. Colo. 1986), in which former Judge Roland Brumbaugh of this Court addressed an agreement, known as a "residual guarantee," in which a debtor, as the lessee, agreed to pay the lessor a certain amount at the end of the lease if the lease were not renewed for an additional ten years. Judge Brumbaugh stated:

> Section 502(b)(6)(A) provides that if a claim is "the claim of a lessor for damages resulting from the termination of a lease of real property" then the damage claim is capped.
>
> This language does not qualify or in any way limit the type of damages involved. The damage cap applies to all damages, which are then arbitrarily capped and measured by rent reserved. Such a cap has been in the bankruptcy laws for many years. See, Bankruptcy Act § 62a(9), former 11 U.S.C. § 103(a)(9). In *Oldden v. Tonto Realty Co.*, 143 F.2d 916 (2nd Cir.1944) the court enforced such a cap and held, in effect, that such a provision should be given full force and effect regardless of whether through artful draftsmanship the parties had sought to circumvent the statutes' mandate. The *Oldden* case was specifically approved in the legislative history of the present Bankruptcy Code. See, H.R.Rep. No. 595, 95th Cong., 1st Sess. 353 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.
>
> Thus, as a matter of law, the actual damage claim of BPC for termination of the lease, whether for non-payment of rent, taxes, costs, attorney's fees, or other financial covenants such as the Residual Guarantee, are limited by the damage cap in § 502(b)(6)(A).

*Id.*, at 825.

[6] L. Koenigsberg Exhibit 10.

[7] L. Koenigsberg Exhibit 11.

### B. Roger Koenigsberg's Letter

With respect to Roger Koenigsberg's letter, the Court will consider it a motion for relief from judgment pursuant to FED. R. CIV. P. 60(b), as it was filed approximately two months following the March 22, 2011 judgment.[8] Rule 60(b) provides in pertinent part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.[9]

Relief from judgment under Rule 60(b) falls within the discretion of the Court, but such relief is extraordinary, and should only be granted in exceptional circumstances.[10] The burden of proof on a movant is a high one, because a Rule 60(b) motion is not a substitute for an appeal.[11] The Court finds Roger Koenigsberg's letter does not indicate a basis for relief under Rule 60, and does not set forth grounds for the Court to change its conclusions.

---

[8] FED. R. CIV. P. 60 is made applicable to bankruptcy proceedings by FED. R. BANKR. P. 9024, and provides the appropriate standard for a motion filed outside the Rule 59 time limit.

[9] FED. R. CIV. P. 60(b), made applicable to bankruptcy proceedings by FED. R. BANKR. P. 9024.

[10] *LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003); *Amoco Oil Co. v. United States Department of Environmental Protection*, 231 F.3d 694, 697 (10th Cir. 2000); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

[11] *Davis v. Kansas Dept. of Corrections*, 507 F.3d 1246, 1248 (10th Cir. 2007).

## CONCLUSION

For the reasons stated above,

IT IS ORDERED the Court's March 22, 2011 Order is amended to order that Coal Mine's Claim No. 2 is ALLOWED in the amount of $233,439.46, comprising the $189,000.00 judgment entered by the the Jefferson County Colorado District Court against the Debtor pursuant to the Guaranty Agreement in Case No. 06-CV-5106, plus prepetition interest up to the statutory amount of $191,708.54 and the $41,260.66 attorney fee judgment entered by the Jefferson County Colorado District Court in Case No. 07-CV-2674, plus prepetition interest in the amount of $470.26.

IT IS FURTHER ORDERED that in all other respects the March 22, 2011 Order will remain the same.

Dated June 30, 2011

BY THE COURT:

Michael E. Romero
U.S. Bankruptcy Judge